```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
```

ALEXANDER PABON,

      Plaintiff,    **MEMORANDUM & ORDER**
                 20-CV-3043 (EK)
  -against-

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

```
-----------------------------------x
```
ERIC KOMITEE, United States District Judge:

  Plaintiff Alexander Pabon challenges the Social Security Administration's denial of his claim for disability insurance benefits. Before the Court are the parties' cross-motions for judgment on the pleadings. For the following reasons, I grant the Commissioner's motion and deny Pabon's motion.

## I. Background

**A. Procedural Background**

  In October 2014, Pabon applied for disability benefits, alleging that he cannot work because of certain back problems. He claims a disability onset date of January 27, 2014. Administrative Tr. ("Tr.") 10, ECF No. 7. The agency denied his claim. *Id.* at 150. An administrative law judge ("ALJ") held a hearing in March of 2017, *id.* at 25, and later concluded that Pabon was not disabled. *Id.* at 125-43. The

agency's Appeals Council granted Pabon's request for review of the ALJ's decision and remanded the case for further fact-finding regarding whether Pabon requires the use of a cane, as well as further evaluation of Pabon's residual functional capacity and educational level. *Id.* at 146-48.  A new ALJ, Mark Solomon, held a hearing on November 20, 2018. *Id.* at 55.  Like the prior ALJ, Solomon also concluded that Pabon is not disabled. *Id.* at 7-18.  The Appeals Council denied Pabon's request for review, rendering ALJ Solomon's decision final. *Id.* at 1-4.  Pabon timely sought review of that decision in this Court.  ECF No. 1.

**B.    The ALJ's Disability Evaluation**

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Administration's regulations require ALJs to follow a five-step sequence in evaluating disability claims.  20 C.F.R. § 404.1520(a)(4).

First, the ALJ determines whether the claimant is engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b).  If not, then at step two, the ALJ evaluates whether the claimant has a "severe impairment" — that

is, an impairment or a combination of impairments that "significantly limits" his "physical or mental ability to do basic work activities." *Id.* § 404.1520(a)(4)(ii), (c).  If the ALJ identifies a severe impairment, then at step three, he must determine whether it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments").  *Id.* § 404.1520(a)(4)(iii), (d); *see also id.* pt. 404, subpt. P, app. 1.  If it does, the ALJ will deem the claimant disabled.  *Id.* § 404.1520(a)(4)(iii).

Here, ALJ Solomon determined that Pabon had not engaged in substantial gainful activity since the alleged onset date.  Tr. 13.  He further determined that Pabon suffered from the following "severe impairments": lumbar degenerative disc disease with disc bulges and herniation.  *Id.*  ALJ Solomon also concluded, however, that none of these severe impairments rose to the level of a Listed Impairment.  *Id.* at 14.

When the ALJ finds that the claimant has severe impairments that do not meet the requirements of the Listings, he must determine the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4)(iv), which is the most that the claimant can do in a work setting notwithstanding his limitations.  *Id.* § 404.1545(a)(1).  Here, ALJ Solomon concluded that Pabon had the RFC to perform "light work" with limitations.

3

Tr. 14-16. And the ALJ made a series of detailed findings regarding those limitations.

Among other things, he found that Pabon could sit for six hours in an eight-hour workday, but only for up to forty-five minutes at a time; and that he could stand for three hours in an eight-hour workday, but only for thirty minutes at a time. *Id.* at 14. To the extent Pabon's work required him to sit, he would need to be permitted short walks (while remaining on task); and to the extent the job required him to stand, he would need to be permitted to sit for two to three minutes, while (again) remaining on task. *Id.* Pabon could, the ALJ found, walk for three hours in an eight-hour workday, but only for twenty minutes at a time, and he would have to sit for two to three minutes while remaining on task. *Id.* He could lift and carry twenty pounds occasionally, and ten pounds frequently; could not balance, crawl, or climb ropes, ladders, or scaffolds; could occasionally stoop, crouch, and kneel; and had to avoid working at unprotected heights with hazardous machinery, or in extreme cold. *Id.*

At step four, the ALJ considers whether, in light of the RFC determination, the claimant could perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (f). ALJ Solomon found that Pabon could not perform any of his past work as a cleaner or a security guard and supervisor. Tr. 16-17. At step five,

4

the ALJ evaluates whether the claimant could perform jobs existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g). ALJ Solomon determined that Pabon could perform such jobs, including as a routing clerk, mail clerk, or assembler of small products. Tr. 17-18. Given that determination, ALJ Solomon concluded that Pabon was not disabled. *Id.* at 18.

## II. Standard of Review

A district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision, and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008).[1] "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

5

## II. Discussion

Pabon raises two interrelated arguments on appeal — that ALJ Solomon's RFC determination was not supported by substantial evidence, and that it resulted from a misapplication of the relevant legal standards. Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings ("Pl. Mem.") 7-8, ECF No. 8-1. Specifically, he argues that with respect to the questions of whether Pabon (1) requires the use of a cane and (2) has marked functional limitations that preclude his ability to work, ALJ Solomon erred by affording more weight to the opinions of Dr. Allan Levine, M.D., an orthopedic medical expert, than those of Dr. Suzannah Berlyne, M.D., the agency's consultative physician. Pl. Mem. 11-12.

While Dr. Berlyne opined that the use of a cane is medically necessary for Pabon and that he had marked limitations in several functional categories, Dr. Levine opined that Pabon did not require the use of a cane and had a greater functional capacity. As set forth below, substantial evidence supports ALJ Solomon's resolution of those conflicting opinions, and the record shows that he properly applied the relevant legal standards to reach that result. Accordingly, Pabon's claim fails.

"Genuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588

6

(2d Cir. 2002). This means that where the opinions of two medical professionals conflict, the ALJ has the discretion to "choose between properly submitted medical opinions." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 2018); *see also Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence.").

As ALJ Solomon noted, there were conflicts between the opinions of Drs. Berlyne and Levine. Tr. 16. Dr. Berlyne, a doctor of internal medicine who examined Pabon in connection with his claim at the agency's request, provided a restrictive opinion of his physical capabilities. She found that Pabon had marked limitations for walking long distances, climbing stairs, standing for prolonged periods of time, lifting, carrying, pulling, and pushing. *Id.* at 642. She also determined that a cane was medically necessary. *Id.* Dr. Levine, a board-certified orthopedist who testified at the hearing before the ALJ as an impartial medical expert in orthopedics, disagreed with Dr. Berlyne's findings. After reviewing Pabon's medical record, he opined that Dr. Berlyne's findings of marked limitations with walking, standing, and sitting made "no sense" and were "not compatible" with certain examination findings —

7

including that Pabon had normal strength and reflexes, no sensory deficit, and no atrophy in the extremities.  *Id.* at 86.  He also opined that the record did not establish the medical necessity for Pabon to use a cane; to the contrary, in Dr. Levine's view, a cane would have worsened Pabon's impairments by placing undue stress on his back.  *Id.* at 82-83.  After the hearing, ALJ Solomon followed up with Dr. Levine and sent him certain interrogatories to complete after reviewing additional files.  Dr. Levine responded that his opinion remained unchanged.  *Id.* at 1091.

Faced with conflicting opinions, ALJ Solomon was entitled to reject portions of the medical-opinion evidence that were not supported by the record, and instead credit the portions that were supported.  Although the regulations "give more weight to the medical opinion of a source who has examined" a claimant than one who has not, 20 C.F.R. § 404.1527(c)(1), "[t]here is no requirement that the agency accept the opinion of a consultative examiner concerning a claimant's limitations." *Pellam v. Astrue*, 508 F. App'x 87, 89-90 (2d Cir. 2013).  The ALJ "was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).

Here, Dr. Berlyne's opinion that Pabon's use of a cane was medically necessary conflicted not only with Dr. Levine's

8

testimony, but also with other medical evidence in the record, including Dr. Berlyne's own treatment notes, as the ALJ noted. Tr. 16.  Indeed, her notes stated that Pabon's gait and stance were "normal," that "[t]here was not much of a difference in the gait with and without the device," and that Pabon "uses [the cane] only outdoors." *Id.* at 640-41.  Accordingly, ALJ Solomon did not err in concluding — contrary to Dr. Berlyne — that Pabon does not require a cane. *See Smith v. Colvin*, No. 12-CV-1098, 2015 WL 3970932, at *9 (W.D.N.Y. June 30, 2015) (where plaintiff "failed to establish that his assistive device was medically required," "the ALJ did not err by excluding it from his residual functional capacity determination").

Further, Dr. Berlyne's opinions regarding both the medical necessity of a cane and Pabon's functional limitations were inconsistent with the reports of other doctors who examined Pabon.  For example, Pabon was examined by multiple primary care physicians at his pain management clinic.  Dr. Tatyana Braslavskaya and Dr. Syed Sabzposh both noted that Pabon walked with the help of a cane, but neither indicated that it was medically necessary.  Tr. 974, 987.  Moreover, Dr. Sohan Nagrani reported that during a physical examination in 2018, Pabon showed full strength in the bilateral extremities, full sensation, full knee range of motion with some crepitus, full range of motion in the lumbar spine despite some pain at the

9

endpoints, and "negative" (*i.e.*, painless) straight-leg raises. *Id.* at 979-81.

Still, Pabon argues that ALJ Solomon erred by crediting Dr. Levine's opinions over Dr. Berlyne's because Dr. Levine did not personally examine Pabon.  Pl. Mem. 12.  But ALJ Solomon was entitled to accord greater weight to the opinions of Dr. Levine, whose expertise in orthopedics was particularly relevant for assessing Pabon's ability to walk without a cane and his functional limitations, after concluding that those opinions were supported by the medical record.  Indeed, even if Dr. Berlyne were a treating (rather than merely a consultative) physician, ALJ Solomon would not have erred by placing greater weight on Dr. Levine's opinions; the regulations "permit the opinions of nonexamining sources to override treating sources' opinions provided they are supported by evidence in the record." *Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995); *see also Garcia v. Colvin*, No. 14-CV-4798, 2015 WL 4603422, at *6 (E.D.N.Y. July 30, 2015) ("[W]here the medical adviser who is a specialist in the area gives a medically informed, pointed, and responsive rebuttal to the treating physicians' conclusions, then unless the federal court can find something obviously lacking in that rebuttal, it is hard to disagree with the ALJ's determination to accept it.").  Here, the ALJ found that Dr. Levine's opinions were supported by the record, which, as

discussed above, shows that Pabon generally had a normal gait and stance without a cane, normal strength except on one occasion, performed straight-leg raises without pain, and completed range-of-motion tests that did not suggest significant limits.  *E.g.*, Tr. 640-643, 979-81.  In sum, "substantial evidence supported the ALJ's decision not to adopt many of [the consultative examiner's] conclusions."  *Pellam*, 508 F. App'x at 89-90.

## IV.  Conclusion

For the reasons set forth above, the Court grants the Commissioner's motion for judgment on the pleadings and denies Pabon's motion.  The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

                                                  /s/ Eric Komitee
                                                  ERIC KOMITEE
                                                  United States District Judge

Dated:    September 5, 2023
            Brooklyn, New York